AVERY *v.* JACKSON CIRCUIT JUDGE.

INTOXICATING LIQUORS—ILLEGAL TRANSPORTATION—SALE OF VEHICLE
SEIZED NOT PROVIDED FOR.

> Omission by the legislature to provide in Act No. 382,
> Pub. Acts 1925, amending the prohibition law, for the sale
> of vehicles seized while being used in the illegal trans-
> portation of intoxicating liquors, requires the return to
> the owner of a motor vehicle seized by the officers while
> being so used.[1]

Mandamus by Emma Avery to compel James A.
Parkinson, circuit judge of Jackson county, to vacate
an order denying a motion for the return of a truck
seized for the violation of the liquor law. Submitted
April 27, 1926. (Calendar No. 32,471.) Writ
granted June 7, 1926.

*Frank L. Blackman,* for plaintiff.

*John Simpson,* Prosecuting Attorney, and *Harry E.
Barnard,* Assistant Prosecuting Attorney, for defend-
ant.

SNOW, J. John F. Avery, the husband of the plain-
tiff, was arrested in Jackson county while driving a
moving van containing a large quantity of ale and
whisky. The van was seized by the officers, and
Avery was prosecuted and convicted for violating the
liquor law. He appealed to this court, and such ap-
peal is now here pending. The plaintiff, claiming to
be the owner and entitled to the possession of the van
so seized, filed her petition in the circuit court for its
restoration. The trial judge made an order denying
the return, and plaintiff seeks by mandamus to compel
him to set aside such order, and to enter one releasing
the van to her.

---

[1]Intoxicating Liquors, 33 C. J. § 397 (Anno).
Construction and effect of provision for confiscation of vehicles
seized when illegally transporting liquors, see note in 10 A. L. R.
1556.

Several questions of interest are discussed in the briefs of counsel, but unfortunately an oversight by the legislature in the 1925 amendment, in failing to make provision for the sale of a vehicle obtained under the circumstances as the van here was obtained, must dispose of the matter before us.

The original so-called prohibition law is Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 *et seq.*), entitled "An act to prohibit the manufacture, sale * * * of * * * intoxicating liquors," etc. This law was amended by Act No. 53, Pub. Acts 1919, again by Act No. 336, Pub. Acts 1921, again by Act No. 382, Pub. Acts 1925, and again by Act No. 3 of the special session in 1926. The 1921 amendment provided for the sale at public auction of any seized vehicle or conveyance. The 1925 amendment omitted all provision for the sale of any vehicle or conveyance taken as was the one in the present case, and confers authority upon no one to make disposition of it. The 1926 amendment restores to the law this provision.

All proceedings in the arrest and prosecution, and in the seizure of the van in question, were had under the law as it stood by virtue of the 1925 amendment, which must control our determination of the instant matter. There being then no law conferring upon the commissioner or any other officer the right to dispose of the van, it follows that the State has no right to retain it. It was an idle ceremony for the trial court to order possession of the van retained when no one had any legal right to dispose of it, and plaintiff's petition for its release to her, the owner, should have been granted.

She is now entitled to its immediate possession, and mandamus will issue, if necessary, requiring the circuit judge to enter an order to such effect. No costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD. JJ.. concurred.